**NEW GIN CO. v. DOWELL et al.**

No. 12333.

Court of Civil Appeals of Texas. Dallas.

April 30, 1938.

Rehearing Denied May 28, 1938.

L. L. Bowman, Jr., of Greenville, for plaintiff in error.

Carl Miller, of Royse City, for defendants in error.

LOONEY, Justice.

G. P. Dowell and children sued the New Gin Company, a corporation, to recover damages for the destruction by fire of their family residence in the town of Fate, Rockwall County. The parties will be referred to as in the court below. Plaintiffs alleged in substance that the defendant owned and operated a cotton gin plant in the town of Fate, situated about 260 feet northwest of plaintiffs' property; that, on December 21, 1934 the gin was so operated as to permit sparks, in great volume, to escape from the smokestack, were carried by wind to plaintiffs' residence, igniting and destroying same. The specific acts of negligence alleged (omitting those becoming immaterial) were, the failure of defendant to adopt necessary precautionary means, in view of the nature of the fuel being used, to prevent the escape of sparks of fire from the smokestack, the fuel used being a mixture of lignite and cotton burs, burs being cotton bolls after removal of the lint and seed.

Defendant filed a general denial and specially plead that G. P. Dowell (father) and Kenneth Dowell (a son) were at the time employes of defendant, working at the gin; G. P. Dowell operating the gin stands and Kenneth firing the boiler, and that the destruction of the house in question was the direct proximate result of the acts of these plaintiffs; wherefore, defendant prayed judgment, etc.

The case was tried without the intervention of a jury, resulting in a judgment in favor of plaintiffs for $1,450. The judge filed findings (omitting those in regard to which there is no controversy), in substance as follows: That the defendant was guilty of negligence in failing to adopt necessary means to prevent the escape of sparks of fire from its smokestack, causing the destruction of plaintiffs' property, which could have been prevented by the exercise of reasonable care on the part of the defendant; that the smokestack was not in proper con-

dition to burn the kind of fuel being used and prevent the escape of sparks; that Kenneth Dowell, fireman, acting within the scope of his employment, performed the duties placed on him by his superior, who had given instructions to use the kind of fuel being used.

The court filed conclusions of law, in substance that, having failed to take the necessary precautions to prevent the escape of sparks of fire, while cotton burs were being used as fuel, defendant was guilty of negligence; that any act of Kenneth Dowell, working within the scope of his employment in carrying out the instructions of his superior, would constitute no defense to plaintiffs' cause of action; that the fire having been caused by the negligence of the Gin Company, as a matter of law, plaintiffs were entitled to recover.

These findings and conclusions, in our opinion, are fully sustained by law and evidence, and are approved. However, defendant contends that, as there was no proof showing the existence of any type or character of a spark arrester suitable for use in connection with a stationary boiler burning cotton burs as fuel, the finding of negligence, in failing to have the smokestack equipped to prevent the escape of sparks, was not authorized by the evidence. We think it apparent from the record that the escape of sparks could have been prevented by the use of a screen; several witnesses testified to that effect. Sparks did not escape, except when cotton burs were used as fuel, showing rather conclusively that the smokestack was inadequately equipped for that character of fuel; to have properly discharged its duty, defendant should have adopted preventive measures adapted to the character of fuel being used. The evidence, in our opinion, fully justified the findings of the trial judge on the issues of negligence.

The further contention is made that Kenneth Dowell, the fireman, could have operated the boiler so as to prevent escape of sparks, therefore was guilty of contributory negligence as a matter of law, precluding recovery by him. It was the duty of defendant to exercise ordinary care in furnishing suitable machinery and appliances for use by its employes; this duty it could not shirk and, although Kenneth knew that the smokestack emitted sparks and was not equipped to prevent

their escape when cotton burs were used as fuel, that fact would not, as a matter of law, defeat recovery on his part, but could be considered in connection with the other facts and circumstances in determining the issue of contributory negligence. This, evidently, the trial judge did in saying that Kenneth was not guilty of negligence in obeying the orders of his superior. The fact that Kenneth, rather than another, carried out the orders issued by the manager to use cotton burs as fuel did not increase the fire hazard, as that inhered because of the absence of any preventive measure adapted to the character of fuel being used, hence the smokestack would have behaved in the same manner if the fireman had been someone else.

Finding no reversible error, the judgment below is affirmed.

Affirmed.